UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT REDFERN,<br><br>    Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 20-cv-01175-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>Docket No. 44 |

Currently pending before the Court is Plaintiff Brett Redfern's motion for attorney's fees, costs, and expenses. Having considered the papers submitted, the Court finds the matter suitable for resolution without oral argument. The hearing on the motion is therefore **VACATED**. The motion for fees, costs, and expenses is **GRANTED**; however, the Court does not award all fees requested.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Mr. Redfern filed this lemon law case, asserting claims under the California Song-Beverly Consumer Warranty Act, in state court in January 2020. He asserts that, in October 2018, he bought a new 2018 Ram 2500 (for about $60,500), *see* Compl. ¶ 8, Daghighian Decl. ¶ 12; but that it immediately had a number of serious defects that FCA could not repair. *See* Compl. ¶ 24.

FCA removed the case to federal court. Subsequently, the parties litigated the case but the litigation was limited in scope, consisting of, *e.g.*, initial disclosures, limited discovery, and briefing for mediation. In September 2020, the parties settled the case (for $110,000). *See* Mot. at 1; Haddad Decl. ¶ 5. Thereafter, the parties tried to work out the issue of attorneys' fees but were not able to do so. Thus, Mr. Redfern filed the pending motion for attorneys' fees, costs, and

expenses. Mr. Redfern asks to be awarded a total of almost $50,000. *See* Mot. at 16. This amount reflects: (1) a lodestar of $31,627.50; (2) a 1.5 multiplier; and (3) costs and expenses of $996.23.[1] *See* Mot. at 16. In response, FCA asks that Mr. Redfern be awarded no more than $16,507.50 in fees. *See* Opp'n at 12.

## II. DISCUSSION

A. Basis for Fees

As noted above, Mr. Redfern's claims were based on the Song-Beverly Consumer Warranty Act. Under the Act, "[a]ny buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). In addition, "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." *Id.* § 1794(d).

There is no dispute here that Mr. Redfern is the prevailing party. *See also Campos v. Ford Motor Co.*, No. EDCV 17-02221 AG (AGRx), 2020 U.S. Dist. LEXIS 7733, at *4-5 (C.D. Cal. Jan. 13, 2020) (noting that "[s]ection 1794(d) is silent as to the definition of 'prevailing party'" but "courts have held that a party 'prevails' when it achieves its 'main litigation objective,'" and, "[i]n examining litigation success, a court, guided by equitable principles, should take a pragmatic approach and look to substance rather than form"); *Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1264 (2012) (stating that, "[w]here (as here) a fee-shifting statute is concerned, a number of Courts of Appeal have taken the approach that attorney fees recovery is governed by

---

[1] In his papers, Mr. Redfern claims that the lodestar is $32,623.78. *See* Mot. at 1. However, this seems to be an error. Based on Exhibit A to the Daghighian Declaration, the lodestar is actually $31,627.50. Adding costs of $996.23 to the lodestar of $31,627.50 yields $32,623.78.

This means that Mr. Redfern has also miscalculated the multiplier. In his papers, he asserts that an additional $16,311.89 should be awarded (*i.e.*, half of the lodestar), but that figure is based on an assumed lodestar of $32,623.78.

2

1   the fee-shifting statute itself, rather than a rigid adherence to Code of Civil Procedure section
2   1032," and, "[u]nder this analysis, if the particular fee-shifting statute does not define prevailing
3   party, then the trial court should simply take a pragmatic approach to determine which party has
4   prevailed," *i.e.*, "the trial court would determine which party succeeded on a practical level, by
5   considering the extent to which each party realized its litigation objectives"). However, the parties
6   disagree as to what constitutes reasonable attorneys' fees.

B.      Lodestar

Both parties agree that the Court should begin its fee analysis by considering the lodestar. As noted above, the asserted lodestar is $31,627.50. (This includes anticipated fees – *e.g.*, to be incurred at a hearing on the motion.) Two attorneys worked on the case. The breakdown for the attorneys is as follows:

- Mr. Daghighian (partner), $575/hour, 11.1 hours = $6,382.50.
- Mr. Murray (associate), $450/hour, 56.1 hours = $25,245.

*See* Daghighian Decl., Ex. A.

C.      Hourly Rates

FCA argues that the hourly fees of the attorneys are excessive and contends that they should be reduced to $350/hour and $225/hour, respectively.

The Court rejects the argument as to Mr. Daghighian. Mr. Daghighian has more than 14 years of litigation experience. *See* Daghighian Decl. ¶ 5. In recent years, courts have approved an hourly rate for Mr. Daghighian of $550. *See, e.g.*, *Davenport v. FCA US Ltd. Liab. Co.*, No. 3:17-cv-00580-AJB-BGS, 2020 U.S. Dist. LEXIS 219394, at *6-7 (S.D. Cal. Nov. 23, 2020); *Barrera v. Jaguar Land Rover N. Am., LLC*, No. C-19-0847 DOC-SJK (C.D. Cal.) (Docket No. 78) (fee decision filed on 6/3/2020); *Ortega v. BMW of N. Am. LLC*, No. C-18-6637 R-SK (C.D. Cal.) (Docket No. 157) (fee decision filed on 10/24/2019). Here, Mr. Daghighian is seeking a slightly higher hourly rate – $575. Taking into account the passage of time since the decisions above, as well as the Court's own experience regarding fees, the Court finds the $575/hour rate reasonable.[2]

---

[2] FCA has objected to evidence related to billing rates for Mr. Daghighian – as well as for Mr. Murray – approved by other courts (arguing, *e.g.*, that the evidence is unfairly prejudicial, hearsay,

3

As to Mr. Murray, FCA's contention that he should be given an hourly rate of $225 is without merit. However, the Court finds that the $450 hourly rate is somewhat high and concludes that a rate of $400 is more appropriate. Mr. Murray graduated from law school in 2012, and thus has approximately 10 years of experience as a lawyer. *See also* Daghighian Decl. ¶ 8 (testifying that Mr. Murry has been "actively prosecuting lemon law cases on behalf of consumers since 2015"). In the past few years, courts have approved hourly rates for Mr. Murray in the range of $350-400 (at times reducing his asserted hourly rate so that it falls within this range). In June 2021 (*i.e.*, about six months ago), he was awarded $400/hour. *See Speiker v. FCA US, LLC*, No. 8:19-cv-02150-DOC-(ADSx), 2021 U.S. Dist. LEXIS 193254, at *9 (C.D. Cal. June 4, 2021) ($400/hour); *Sweiss v. BMW of N. Am. LLC*, No. BC703199, 2020 Cal. Super. LEXIS 3452, at *14 (Cal. Super. Ct. Aug. 25, 2020) ($400/hour); *Salmeron v. Ford Motor Co.*, No. 2:18-cv-07266-SVW-PLA, 2020 U.S. Dist. LEXIS 253155, at *9 (C.D. Cal. July 14, 2020) ($350); *Gomez v. Fca Us Llc*, No. BC641665, 2020 Cal. Super. LEXIS 2402, at *8 (Ca. Super. Ct. Jan. 6, 2020) ($380); *Maddox v. Fca United States*, No. LA CV17-09112-JAK (MRWx), 2019 U.S. Dist. LEXIS 239999, at *14 (C.D. Cal. Oct. 18, 2019) ($400); *Nai Hung Li v. FCA US LLC*, No. 2:17-cv-06290-R-JEM, 2019 U.S. Dist. LEXIS 206807, at *6 (C.D. Cal. July 1, 2019) ($350). *But see Rivas v. Fca Us Llc*, No. RG16836161, 2019 Cal. Super. LEXIS 25186, at *4 (Cal. Super. Ct. Sept. 12, 2019) ($300). Taking into account the above cases as well as the Court's own experience, the Court applies an hourly rate of $400/hour.

Based on an hourly rate of $575 for Mr. Daghighian and an hourly rate of $400 for Mr. Murray, the adjusted lodestar is $28,822.50.

- Mr. Daghighian (partner), $575/hour, 11.1 hours = $6,382.50.
- Mr. Murray (associate), $400/hour, 56.1 hours = $22,440.

D. Number of Hours

FCA also argues that the number of hours claimed by Mr. Redfern is problematic because

---

and irrelevant). The objections are overruled. That the objections lack merit is underscored by the fact that, in its brief, FCA also asks the Court to consider fee decisions issued by other courts (and not even involving the same attorneys).

4

of block billing and vague and/or duplicative entries.  It contends that there should be a reduction of about $3,000 given these problems.  *See* Opp'n at 10.

The Court has reviewed the examples provided by FCA as well as the billing records submitted by Mr. Redfern.  The Court finds that there are some vagueness issues (including some not identified by FCA such as naked references to consultations with the client).  In addition, although Mr. Redfern's counsel represents that billing judgment has been exercised, *see* Daghighian Decl. ¶ 7, there are some entries where an attorney has billed for what appears to be more of an administrative task.  Finally, the Court notes that some of the anticipated hours seem somewhat excessive given the limited opposition and reply briefs for the fee motion – as well as the fact that the Court is vacating the hearing on the fee motion.  Taking into account all of the above, however, the Court concludes that there need only be a limited 5% "haircut" to the lodestar to account for the above.  *Cf. Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (noting that a district court may, in awarding fees based on a lodestar calculation, "impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation").  The lodestar is thus reduced to $27,381.38.

E.   Multiplier

Finally, Mr. Redfern asks for a 1.5 multiplier, primarily because of the contingent fee contract and the delay of payment.  The Court denies the request for a multiplier.  Delay in payment is accounted for in awarding current hourly rates.  Also, although counsel took the case on under a contingency agreement, there is no real showing that there was, *e.g.*, any particular risk associated with the case (*i.e.*, the case appears to be straightforward) or that counsel was precluded from taking employment as a result of taking on the instant action.  The Court notes that some of the cases on which Mr. Redfern relies for hourly rates make these same points (*e.g.*, *Barrera* and *Ortega*) and rejects a multiplier as did those courts.

///

///

///

///

### III. CONCLUSION

For the foregoing reasons, the Court grants Mr. Redfern's motion but does not award all fees requested. The Court awards $27,381.38 in fees, plus $996.23 in costs, for a total of $28,377.61.

This order disposes of Docket No. 44.

**IT IS SO ORDERED**.

Dated: January 25, 2022

_____
EDWARD M. CHEN
United States District Judge